## Case No. 16,552.

UNITED STATES v. TWELVE BARRELS OF PARAFFINE OIL.

[6 Int. Rev. Rec. 203.]

Circuit Court. E. D. New York. 1867.

TREASURY REGULATION—VALIDITY.

[The regulation issued September 2, 1867, by the secretary of the treasury, charging informers with a proportionate share of the costs of the proceedings, is valid, the secretary's power to issue regulations on the subject not having been previously exhausted.]

On a motion as to the apportionment of the informer's share of the proceeds of the property forfeited.

BENEDICT, District Judge. The question presented by this motion is whether the regulation issued by the secretary of the treasury on September 2, 1867, charging informers with a proportionate share of the costs of proceedings instituted upon their information, is of any validity; the informer contending that the power to issue regulations upon the subject was exhausted upon the issue of the regulation of August 14, 1866, to which the regulation in question is supplementary. Upon this question I confess to some doubt; but have concluded to sustain the validity of the supplementary regulation. I cannot do so, however, without feeling it my duty to call attention to the fact that the effect of the regulation in question is to render nugatory (in cases involving small amounts) the act of congress which makes provision for compensation to informers. Under this regulation there is no compensation to an informer, as to a small illicit still, or as to such small lots of distilled spirits or of oil as are usually found being illegally transported through the streets, inasmuch as the expenses of seizure and of sale, with the expense of storage and advertising, all made necessary by statute to perfect the forfeiture, will absorb a great portion of the proceeds of the property. But this class of small cases is of great importance in the enforcement of the revenue law, and in no other class is the need of the services of a voluntary informer so absolute. The effect of the supplementary regulation, is therefore to give practical immunity to a very considerable class of violators of the law, by removing all inducement to inform against them, and this without effecting any considerable saving of expense to the government. Unless such was the intention of the secretary, which I cannot suppose, the defect in this regulation should be remedied. So long as it stands it must be complied with, and accordingly the distribution in this case must be according to its terms.